

CORPORATION SERVICE COMPANY°

# Notice of Service of Process

KP / ALL
Transmittal Number: 9837870
Date Processed: 04/23/2012

| Primary Contact: | Connie B. Walsh |
| | Bryan Cave LLP |
| | One Metropolitan Square |
| | Suite 3600 211 North Broadway |
| | St. Louis, MO 63102-2750 |

| | |
|---|---|
| **Entity:** | Surf Subsea, Inc. |
| | Entity ID Number 2899144 |
| **Entity Served:** | Surf Subsea, Inc. |
| **Title of Action:** | Offshore Service Vessels, L.L.C. vs. Surf Subsea, Inc. |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Other |
| **Court/Agency:** | Lafourche Parish 17th Judicial District Court, Louisiana |
| **Case/Reference No:** | 120051 |
| **Jurisdiction Served:** | Delaware |
| **Date Served on CSC:** | 04/23/2012 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | Jerald P. Block |
| | 985-446-0418 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road  Wilmington, DE 19808  (888) 690-2882  |  sop@cscinfo.com

**EXHIBIT**
tabbies

1

# BLOCK LAW FIRM
### ATTORNEYS AT LAW
### 422 EAST FIRST STREET
### POST OFFICE BOX 108
### THIBODAUX, LOUISIANA 70302-0108

JERALD P. BLOCK
MATTHEW F. BLOCK

TELEPHONE
(985) 446-0418
FACSIMILE
(985) 446-0422

OUR FILE NUMBER

April 17, 2012

12-3212-6

Surf Subsea, Inc.
Through its agent for service of process:
Corporation Service Company
2711 Centerville Road, Suite 400
Wilmington, DE 19808

-   *Via Certified Mail*
-   *7010 1870 0001 6711 6433*

Re:   Offshore Service Vessels, LLC, et al
      Vs. No. 120051
      Surf Subsea, Inc.

To Whom It May Concern:

Please find enclosed certified copies of the following in connection with the above captioned matter:

1. Citation pursuant to Louisiana Long Arm Statute;
2. Citation on Interrogatories;
3. Notice of Request for Production;
4. Petition for Declaratory Judgment, Injunctive Relief and Damages; and
5. Plaintiffs' First Set of Discovery Request to Defendant

This means that you have been sued in Louisiana state court and it will be necessary for you to hire an attorney to protect your interests in this litigation. I have been instructed not to grant any extensions of time, so I would suggest that you consult with an attorney immediately.

Yours very truly,

Jerald P. Block

chg
Enclosures     *(ECO-06 – 00100 – 00133)*

D334151

# CITATION LONG ARM

OFFSHORE SERVICE VESSELS LLC, ET AL
VS

SURF SUBSEA INC

DOCKET NUMBER: C-120051

SEVENTEENTH JUDICIAL DISTRICT

PARISH OF LAFOURCHE

STATE OF LOUISIANA

TO:    SURF SUBSEA, INC.
       Through its agent for service of process:
       Corporation Service Company
       2711 Centerville Road, Ste 400
       Wilmington, DE 19808

       residing in State of Delaware.

You are hereby summoned to comply with the prayer of the Petition for Declaratory Judgment, Injunctive Relief and Damages a true and faithful copy whereof accompanies this citation, or file your answer in writing with the Clerk of said Court at his office in the City of Thibodaux, Louisiana, within thirty days from the filing of the affidavit of service herein, in accordance with R.S.13:3201, et seq., under penalty of default.

Witness the Honorable Judges of said Court.

Granted under the impress of the seal of said Court and my official signature, this April 16, 2012.

VERNON H. RODRIGUE
CLERK OF COURT

*Rita A. Bernard*

Deputy Clerk of Court
Lafourche Parish

ATTORNEY:

Jerald P. Block
Block Law Firm
422 East 1st St.
Thibodaux, La 70302

A TRUE COPY
Clerk of Court's Office
Thibodaux, La. Apr. 16, 2012
*Rita A. Bernard*
Dky        Clerk Of Court

D334169

# CITATION ON INTERROGATORIES
## (THROUGH LOUISIANA LONG ARM STATUTE)

OFFSHORE SERVICE VESSELS LLC, ET AL  SEVENTEENTH JUDICIAL DISTRICT

VS  PARISH OF LAFOURCHE

SURF SUBSEA INC  STATE OF LOUISIANA

DOCKET NUMBER: C-120051

TO: SURF SUBSEA, INC.
  Through its agent for service of process:
  Corporation Service Company
  2711 Centerville Road, Ste 400
  Wilmington, DE 19808

   YOU ARE HEREBY SUMMONED to comply with the demand contained in the interrogatories of which a copy accompanies this citation, or deliver your answer to the same in the office of the Clerk of the 17th Judicial District Court in an for the Parish of Lafourche, State of Louisiana within 30 days after the service thereof, and to answer in writing, under oath and categorically, the interrogatories, a copy of which accompanies this citation, and to deliver your answer to the same in the office of the said Clerk within 30 days after the service thereof.

   WITNESS the Honorable Judges of said Court, this April 16, 2012.

       VERNON H. RODRIGUE
       CLERK OF COURT

       Deputy Clerk of Court
       Lafourche Parish

ATTORNEY:
  Jerald P. Block
  Block Law Firm
  422 East 1st St.
  Thibodaux, La 70302

     A TRUE COPY
    Clerk of Court's Office
   Thibodaux, La. Apr. 16, 2012

     Dty Clerk Of Court

D334177

# NOTICE OF REQUEST FOR PRODUCTION
### (THROUGH LOUISIANA LONG ARM STATUTE)

OFFSHORE SERVICE VESSELS LLC, ET AL
VS

SURF SUBSEA INC

DOCKET NUMBER: C-120051

SEVENTEENTH JUDICIAL DISTRICT

PARISH OF LAFOURCHE

STATE OF LOUISIANA

TO:   SURF SUBSEA, INC.
      Through its agent for service of process:
      Corporation Service Company
      2711 Centerville Road, Ste 400
      Wilmington, DE 19808

PLEASE BE NOTIFIED THAT on April 13, 2012, a **Request for Production of Documents** was filed in the above numbered and entitled matter. You are hereby directed to comply with the said **Request for Production** in accordance with the Louisiana Code of Civil Procedure.

A certified copy of the **Request for Production** is attached hereto.

IN TESTIMONY WHEREOF, witness my hand and official seal of office, this April 16, 2012, at Thibodaux, Louisiana.

VERNON H. RODRIGUE
CLERK OF COURT

_____
Deputy Clerk of Court
Lafourche Parish

A TRUE COPY
Clerk of Court's Office
Thibodaux, La. Apr. 16, 2012
_____
Dy Clerk Of Court

DIVISION B

17th JUDICIAL DISTRICT COURT FOR THE PARISH OF LAFOURCHE

STATE OF LOUISIANA

CASE NO. 120051                                    SECTION:

OFFSHORE SERVICE VESSELS, L.L.C., HOLIDAY, L.L.C., NAUTICAL SOLUTIONS, L.L.C., HARVEY GULF INTERNATIONAL MARINE, LLC, HORNBECK OFFSHORE SERVICES, LLC, AND SEACOR MARINE LLC,

VERSUS

SURF SUBSEA, INC.

FILED:_____        _____
                                              DEPUTY CLERK

**PETITION FOR DECLARATORY JUDGMENT,
INJUNCTIVE RELIEF AND DAMAGES**

**NOW INTO COURT**, through undersigned counsel, come plaintiffs, Offshore Service Vessels, L.L.C., Holiday, L.L.C., Nautical Solutions, L.L.C., Harvey Gulf International Marine, LLC, Hornbeck Offshore Services, LLC, and SEACOR Marine LLC, who file this Petition for Declaratory Judgment, Injunctive Relief and Damages against defendant, SURF Subsea, Inc., and who respectfully aver as follows:

**PARTIES**

1.

Plaintiff, Offshore Service Vessels, L.L.C. ("OSV"), is a Louisiana limited liability company with its registered office located in Cut Off, Louisiana.

2.

Plaintiff, Holiday, L.L.C. ("Holiday"), is a Louisiana limited liability company with its registered office located in Cut Off, Louisiana.

3.

Plaintiff, Nautical Solutions, L.L.C. ("Nautical Solutions"), is a Louisiana limited liability company with its registered office located in Cut Off, Louisiana.

4.

Plaintiff, Harvey Gulf International Marine, LLC ("Harvey"), is a Louisiana limited liability company with its registered office located in Galliano, Louisiana.

**5.**

Plaintiff, Hornbeck Offshore Services, LLC ("HOS"), is a Delaware limited liability company with its registered office located in Covington, Louisiana.

**6.**

Plaintiff, SEACOR Marine LLC ("Seacor"), is a Delaware limited liability company with its registered office located in Mandeville, Louisiana.

**7.**

Defendant, SURF Subsea, Inc. ("SSI"), is a Delaware corporation with its principal place of business located in Houston, Texas. SSI does not have a registered office in the State of Louisiana but operates and conducts business in Lafourche Parish, Louisiana.

**JURISDICTION AND VENUE**

**8.**

This Court has subject matter jurisdiction over this matter. *See* La. Const. art. V, § 16. Venue is proper in Lafourche Parish under Louisiana Code of Civil Procedure article 74.

**9.**

SSI is subject to personal jurisdiction in this State pursuant to the Louisiana Long Arm Statute, La. Rev. Stat. § 13:3201, because it has:

(1) transacted business in this state;

(2) contracted to supply services or things in this state;

(3) caused injury or damage by an offense or quasi offense committed through an act or omission in this state; and/or

(4) caused injury or damage in this state by an offense or quasi offense committed through an act or omission outside of this state while regularly doing or soliciting business, or engaging in any other persistent course of conduct, or deriving revenue from goods used or consumed or services rendered in this state.

2

## FACTUAL ALLEGATIONS

### 10.

Plaintiffs are United States citizens and providers of offshore and subsea services in the Gulf of Mexico.

### 11.

Plaintiffs own and operate several multipurpose support and supply vessels ("MSVs") certified by the United States Coast Guard ("USCG") to engage in coastwise trade.

### 12.

On May 17, 2010, the "DMT Emerald," a 292 foot, Class II, DP MSV, was auctioned as part of the bankruptcy proceeding *In re Deep Marine 2, LLC*, United States Bankruptcy Court, Southern District of Texas, Case No. 09-39316, and jointly administered cases.

### 13.

The highest bidder for the DMT Emerald was Otto Marine, a foreign corporation from Singapore. The bankruptcy court approved, by order, a sale of the vessel to Otto Marine and a purchase agreement was entered between the bankrupt debtor and Otto Marine.

### 14.

By law, all vessels which are to be engaged in the coastwise trade must obtain from the United States Coast Guard ("USCG") a "Certificate of Documentation" ("COD") with a "coastwise endorsement." 46 U.S.C. §§ 12102(a); 55102(b).

### 15.

To obtain a coastwise endorsement, the vessel must be owned by United States citizens. 46 U.S.C. § 55102(b); 46 C.F.R. § 67.39(c). In the case of a corporate owner, at least 75 percent of the interest in the corporation must be owned by citizens of the United States which requires satisfaction of all of the following criteria:

> (1) title to at least 75 percent of the stock in the corporation is vested in citizens of the United States **free from any trust or fiduciary obligation in favor of a person not a citizen of the United States;**
>
> (2) at least 75 percent of the voting power in the corporation is vested in citizens of the United States;

3

(3) there is no contract or understanding by which more than 25 percent of the voting power in the corporation may be exercised, directly or indirectly, in behalf of a person not a citizen of the United States; and

(4) there is no other means by which control of more than 25 percent of any interest in the corporation is given to or permitted to be exercised by a person not a citizen of the United States.

46 U.S.C. § 50501(a), (d); *see also* 46 C.F.R. § 67.31. (emphasis added)  Thus, to satisfy the

citizenship requirements, no indirect means of control in excess of 25 percent over the entity may

exist.

16.

The purpose of the coastwise trade laws is to protect and develop American

merchant marine, shipbuilding, shipping, and seamen from foreign competition. *Wirth Ltd. v.*

*S/S Acadia Forest*, 537 F.2d 1272, 1281 n.32 (5th Cir. 1976); *Marine Carriers Corp. v. Fowler*,

429 F.2d 702, 703 (2nd Cir. 1970).

17.

Violations of the certification requirements can subject the violator to criminal

and civil penalties, including imprisonment.  18 U.S.C. § 1001; 46 U.S.C. § 12151(a).  Each day

of a continuing violation of the laws regarding vessel documentation and certification is

considered a separate violation.  46 U.S.C. § 12151(a).

18.

Notwithstanding that Otto Marine was the high bidder at the bankruptcy sale, Otto

Marine could not take legal title to the DMT Emerald without forfeiting the vessel's valuable

privileges to work in the United States coastwise trade because it is a foreign corporation. *See* 46

U.S.C. § 12132(a).

19.

On information and belief, to circumvent its inability to take title, Otto Marine

caused the incorporation of SSI on May 11, 2010 for the purpose of owning and operating the

DMT Emerald.  Francis Wade Abadie, Jr. ("Abadie"), a United States Citizen, is the President

and CEO of SSI. Mr. Abadie was a former officer of the bankrupt entity DMT.

4

**20.**

Although the bankruptcy court's order and purchase agreement indicated that Otto Marine would be the buyer of the DMT Emerald, the bill of sale for the vessel shows it was purchased from the bankruptcy estate by the newly formed SSI.

**21.**

SSI states on its website that it is a joint venture ("JV") company with Otto Marine as its "JV Partner."

**22.**

Between June and September of 2010, SSI, through Abadie, submitted multiple applications to the USCG for a replacement COD with coastwise and registry vessel endorsements. SSI also requested that the DMT Emerald be renamed the "Surf Challenger."

**23.**

Abadie certified to the USCG that the vessel is owned by SSI, a Delaware corporation, that the corporation's president and chairman of the board are United States citizens, that the corporation has no "alien directors," and that "75% or more" of the corporation's stock is "owned by U.S. citizens eligible to document vessels in their own right with the endorsements sought on this application."

**24.**

Abadie further executed a "US Control Certification," certifying:

> Through no contract or understanding is it arranged that more than 25% of the voting power in the partnership, limited liability, corporation, or other owning entity may be exercised, directly or indirectly, in behalf of any person not a citizen of the United States. By no means whatsoever is control in excess of 25% conferred upon or permitted to be exercised by any person who is not a citizen of the United States.

**25.**

Abadie executed the applications under various designations including "President," "CEO," "owner" and "chairman."

**26.**

SSI intentionally and purposefully included false information in the COD applications and/or failed to disclose material information to the USCG regarding the foreign

ownership and control of SSI.  SSI committed these acts because it knew that if the true facts were disclosed, it would not have received a COD with a coastwise endorsement for the M/V Surf Challenger.

27.

On September 9, 2010, the USCG issued a COD to SSI with coastwise and registry vessel endorsements for the M/V Surf Challenger.

28.

The M/V Surf Challenger thereafter began competing with Plaintiffs for work in the coastwise trade.

29.

The United States citizens purportedly in control of SSI have no true power or decision making authority concerning the ownership of the M/V Surf Challenger.  Otto Marine and/or other foreign interests exercise total control over the M/V Surf Challenger and/or SSI and/or have all final decision making authority for SSI.

30.

In August 2011, Plaintiff, HOS, entered negotiations to acquire the M/V Surf Challenger.  During the negotiations, some of the basic terms of an agreement were reached including the price for which the vessel would be sold to HOS.  Notwithstanding the M/V Surf Challenger's documented ownership by SSI, HOS was advised that all decision making authority concerning the sale of the M/V Surf Challenger came from Mr. Lee Kok Wah, then President and Chief Executive Officer of Otto Marine, and Mr. Yaw Chee Siew, Chairman of Otto Marine.

31.

In fact, HOS was instructed that Wade Abadie, the Chairman and CEO of SSI and the record owner of the Vessel, was unaware of the negotiations for the sale of the M/V Surf Challenger, which represented SSI's single largest asset.  HOS was told that Otto Marine controlled the M/V Surf Challenger and that "the power and control of the corporation" was coming from Otto Marine.

2012 64.12.jfa.pet damages.inj.analyte relief.2018.doc

**32.**

The foregoing statements, among others, were made to HOS indicating that control of SSI and/or the M/V Surf Challenger was not with SSI or its stated majority owner, but rather with Otto Marine or other foreign interests. Because HOS had significant concerns that a contract, understanding or other mechanism existed by which Otto Marine or other foreign interests owned or were permitted to exercise greater than 25% control of the vessel or of SSI, directly or indirectly, HOS ended the negotiations for the purchase of the M/V Surf Challenger. Under United States law, if the M/V Surf Challenger was "sold foreign" it would permanently lose its coastwise eligibility.

**33.**

SSI is using the M/V Surf Challenger to illegally compete with Plaintiffs for coastwise work which it is not eligible to perform because of its foreign ownership and/or control. Plaintiffs have and will continue to incur losses as a result of this illegal competition, including but not limited to lost revenue and/or profits.

## COUNT I: DECLARATORY RELIEF

**34.**

Plaintiffs re-allege and incorporate by reference the previous allegations of this Petition as if copied herein *in extenso*.

**35.**

Plaintiffs aver that a present, actual, justifiable, and substantial controversy exists of sufficient immediacy with respect to:

> (1) whether title to at least 75 percent of the stock of SSI is vested in citizens of the United States free from any trust or fiduciary obligation in favor of a person not a citizen of the United States;
>
> (2) whether at least 75 percent of the voting power in SSI is vested in citizens of the United States;
>
> (3) whether there exists a contract or understanding by which more than 25 percent of the voting power in SSI may be exercised, directly or indirectly, in behalf of a person not a citizen of the United States; and
>
> (4) whether there exist other means by which control of more than 25 percent of any interest in SSI is given to or permitted to be exercised by a person not a citizen of the United States.

**36.**

Pursuant to article 1871, *et seq.*, of the Louisiana Code of Civil Procedure,

Plaintiffs seek a final judgment declaring:

(1) that title to at least 75 percent of the stock of SSI is not vested in citizens of the United States, or, alternatively, that although the requisite percentage of stock is titled and vested in United States citizens, it is subject to a trust or fiduciary obligation in favor of a person not a citizen of the United States;

(2) that less than 75 percent of the voting power in SSI is vested in citizens of the United States;

(3) that there exists a contract or understanding by which more than 25 percent of the voting power in SSI may be exercised, directly or indirectly, in behalf of a person not a citizen of the United States;

(4) that there exist other means by which control of more than 25 percent of any interest in SSI is given to or permitted to be exercised by a person not a citizen of the United States; and

(5) that SSI is not a citizen of the United States for the purposes of operating a vessel in the coastwise trade.

**37.**

The subject controversy admits itself to declaratory relief sought and a declaratory

judgment is proper pursuant to article 1871, *et seq.*, of the Louisiana Code of Civil Procedure.

## COUNT II: INJUNCTIVE RELIEF

**38.**

Plaintiffs re-allege and incorporate by reference the previous allegations of this

Petition as if copied herein *in extenso*.

**39.**

An injunction shall issue in cases where irreparable injury, loss or damage may

otherwise result to the applicant, or in other cases specifically provided by law. La. Code Civ. P.

art. 3601(A).

**40.**

A showing of irreparable injury, however, is not necessary when the act

complained of is unlawful. *Camp, Dresser & McKee, Inc. v. Steimle & Associates, Inc.*, 94-547

(La. App. 5 Cir. 2/15/95), 652 So. 2d 44, 47.

**41.**

SSI is not a United States citizen for the purposes of operating a vessel in the coastwise trade.  SSI's operation of the M/V Surf Challenger without a valid coastwise endorsement is, therefore, a continuing violation of the law.

**42.**

In light of SSI's violations of the law, Plaintiffs are not required to show irreparable injury to obtain an injunction prohibiting SSI from operating the M/V Surf Challenger in the coastwise trade.

**43.**

After due proceedings are had, a permanent injunction should be issued prohibiting SSI from operating the M/V Surf Challenger in the coastwise trade.

## COUNT III:  UNFAIR TRADE PRACTICES

**44.**

Plaintiffs re-allege and incorporate by references the previous allegations of this Petition as if copied herein *in extenso*.

**45.**

SSI's conduct, described above, including its intentional and knowing falsification of applications to the USCG, as well as its intentional and knowing violation of numerous statutes and laws, offends public policy and is immoral, illegal, unethical, oppressive, and/or unscrupulous.

**46.**

These acts constitute unfair or deceptive acts or practices prohibited by the Louisiana Unfair Trade Practices and Consumer Protection Law, La. Rev. Stat. § 51:1401, *et seq.*

**47.**

Plaintiffs have suffered an ascertainable loss of money or other property as a result of SSI's conduct including but not limited to, lost business, revenue and/or profits in such amounts as will be proven at trial.  Plaintiffs are entitled to recover these damage as well as attorney's fees and costs, from SSI in accordance with La. Rev. Stat. § 51:1419(A).

2012.04.12.jfs psr damages.injunctive relief.2038.doc

48.

Moreover, as SSI's actions were knowing and intentional, Plaintiffs are entitled to receive three times the actual damages sustained. *See* La. Rev. Stat. § 51:1419(A).

**WHEREFORE**, Plaintiffs, Offshore Service Vessels, L.L.C., Holiday, L.L.C., Nautical Solutions, L.L.C., Harvey Gulf International Marine, LLC, Hornbeck Offshore Services, LLC, and SEACOR Marine LLC, pray, that after due proceedings are had, judgment be entered in their favor and against defendant, SURF Subsea, Inc., for all relief requested herein, including attorney's fees and costs, and for such further and other relief as is appropriate under the circumstances.

Respectfully Submitted,

_____   And     _____

Jerald P. Block, 3151                         Kyle Schonekas, 11817
BLOCK LAW FIRM                           Joelle F. Evans, 23730
422 East First Street                           Andrea V. Timpa, 29455
Thibodaux, Louisiana 70302              SCHONEKAS, EVANS, McGOEY &
Telephone: (985) 446-0418                 McEACHIN, L.L.C.
                                                          909 Poydras Street, Suite 1600
                                                          New Orleans, Louisiana 70112
                                                          Telephone: (504) 680-6050

                                                          Attorneys for Offshore Service Vessels,
                                                          L.L.C., Holiday, L.L.C., Nautical
                                                          Solutions, L.L.C., Harvey Gulf
                                                          International Marine, LLC, Hornbeck
                                                          Offshore Services, LLC,
                                                          and SEACOR Marine LLC

**PLEASE SERVE VIA LOUISIANA LONG ARM STATUTE:**
SURF Subsea, Inc.
Through its agent for service of process:
Corporation Service Company
2711 Centerville Road, Suite 400
Wilmington, DE 19808

FILED

APR 1 3 2012

S/ Rebecca L Trosclair
**CLERK OF COURT**

A TRUE COPY
Clerk of Court's Office
Thibodaux, La. Apr. 16, 2012

Clerk Of Court

10

17ᵗʰ JUDICIAL DISTRICT COURT FOR THE PARISH OF LAFOURCHE

STATE OF LOUISIANA

CASE NO.                    12005                    SECTION: B

OFFSHORE SERVICE VESSELS, L.L.C., HOLIDAY, L.L.C., NAUTICAL
SOLUTIONS, L.L.C., HARVEY GULF INTERNATIONAL MARINE, LLC,
HORNBECK OFFSHORE SERVICES, LLC, AND SEACOR MARINE LLC

VERSUS

SURF SUBSEA, INC.

FILED: _____        _____
                                              DEPUTY CLERK

**PLAINTIFFS' FIRST SET OF
DISCOVERY REQUESTS TO DEFENDANT**

Pursuant to articles 1458 and 1461 of the Louisiana Code of Civil Procedure, plaintiffs, Offshore Service Vessels, L.L.C., Holiday, L.L.C., Nautical Solutions, L.L.C., Harvey Gulf International Marine, LLC, Hornbeck Offshore Services, LLC, and SEACOR Marine LLC, through undersigned counsel, request that defendant, Surf Subsea, Inc., respond to the following interrogatories and produce the following documents for inspection and copying within thirty (30) days of service at the offices of Schonekas, Evans, McGoey & McEachin, L.L.C., Poydras Center, 909 Poydras Street, Suite 1600, New Orleans, Louisiana 70112, or at such other time as is mutually agreeable to all counsel.

**I. INSTRUCTIONS**

1.      You are hereby on notice to preserve documents and other information potentially relevant to the subject matter of the above-captioned lawsuit. The obligation to preserve documents and information is not limited to the categories requested in the below Requests for Production. You must take any and all necessary steps to maintain and not discard, delete, destroy or alter any documents, files, electronic files of any nature, e-mails, video, photographs, digital and audio recordings, any physical evidence, and any other evidence or information related to the subject matter of this litigation.

2.  With respect to any interrogatory to which you object under a claim of privilege or other doctrine, please state:

   (a)  The nature of the privilege asserted;

   (b)  Whether the allegedly privileged communication was oral or written;

   (c)  If in writing, then

   (1)  Identify the author of the document;
   (2)  Identify all addressees and recipients of the document or copies thereof;
   (3)  Indicate the date the document bears, or, if undated, the date that it was written or created;
   (4)  Identify the type of document as, for instance, letter, memorandum, etc.;
   (5)  Describe the subject matter of the document;
   (6)  Indicate the nature of the privilege;
   (7)  Identify any persons who have had access to the document or its contents, or any part thereof; and
   (8)  State the facts giving rise to the claimed privilege;

   (d)  If oral, identify the date and place the communication was made, identify any persons who were present when the communication was made, describe the subject matter of the communication, and state the facts giving rise to the claimed privilege.

3.  If you cannot answer an interrogatory in full, after exercising due diligence to secure the full information or knowledge you have concerning the interrogatory, so state and answer the remaining portion stating whatever information or knowledge you have concerning the remaining portion, and detailing your attempt to secure the unknown information.

4.  In answering these interrogatories, furnish all information, including hearsay, however obtained, which you have in your possession or which is known by your agents, employees, or attorneys, or which appears in any records or other information in your possession, custody or control.

5.  In your answers to these interrogatories, please repeat each interrogatory set forth herein and then set forth your answer thereto separately and fully immediately thereafter.

6.     If any portion of any document is responsive to any request, please produce the entire document.  Documents produced pursuant to this request should be produced in the order in which they appear in your files and shall not be shuffled or otherwise rearranged. Documents that in the original condition are stapled, clipped, or otherwise fastened together shall be produced in such form.  Please advise in writing, as to each document produced, the particular document request herein to which the document is responsive.

7.     For each document or portion thereof withheld under a claim of privilege or other doctrine, submit a sworn and certified statement from a person(s) with competent knowledge of the relevant facts, identifying the document by author, addressee, nature (*i.e.*, letter, memorandum, etc.), date, number of pages, and subject matter; specifying the nature and the claim of privilege in the paragraph(s) of this request to which a document is responsive; stating the facts giving rise to the claimed privilege; and identifying each person to whom the document or its contents, or any part thereof, has been disclosed.

8.     Identify the source of each of the documents you produced.

9.     These requests are deemed to be continuing in nature.  If at any later date you obtain any additional information or documents different from that provided in response to these requests, promptly update your responses to disclose such information and documents and, if applicable, permit their inspection and copying within a reasonable time period.

10.     If you have any questions regarding the scope, meaning or intent of these discovery requests, please promptly contact counsel in writing.

## II. DEFINITIONS

1.     The term "person" shall mean natural persons, corporations, partnerships, joint ventures, associations, joint stock companies, trusts, unincorporated organizations, governments or political subdivisions thereof and governmental agencies.

2.     The term "document" shall be broadly construed and shall mean the original and any written, printed, typed, recorded, or graphic materials of any kind, character, now or formerly in the actual or constructive possession, custody, or control of the claimant, including, without limitation, notes, drafts, letters, correspondence, telegrams, memoranda, messages, records,

minutes, calendar or diary entries, maps, plaques, contracts, agreements, photographs, statements, handwritten notes, notations, notations of conversations or conferences, bulletins, pamphlets, notices, studies, summaries, reports, books, teletypes, faxes, worksheets, invoices, ledgers, financial statements, check registers, checks, photostats, microfilm, computer entries, e-mail messages, computer printouts, tape recordings, video tapes, audio tapes, data in an electric or computerized format, and all documents and information necessary to complete understanding or interpretation of the foregoing.

3.      The terms "relate to" or "relating to," including any variations thereof, shall be construed broadly and shall mean to involve, to bear upon, to concern, to reflect, to support, to refer to, to pertain to, to contain a discussion, description, notation, identification, or statement about, a reference to, or in any way a mention of, in whole or in part.

4.      The terms "and" and "or," as used herein, are terms of inclusion and not of exclusion, and they should be construed either disjunctively or conjunctively as necessary, to bring within the scope of this demand any document or information that otherwise might be construed to be outside of its scope.

5.      The term "communication" shall mean any contact, transmission, or exchange of information between two or more persons, orally or in writing (including, but not limited to, any conversation or discussion, formal or informal, face-to-face or by telephone, telegraph, telex, telecopier, electronic, or other media).

6.      The terms "you" or "your" shall identify the same party as the term "Surf Subsea, Inc."

7.      The singular form of any noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun so used, and vice versa. The masculine form of a noun or pronoun shall be considered to include within its meaning the feminine and neutral genders.

8.      The term "Surf Subsea, Inc." shall include all officers, directors, shareholders, employees, representatives or agents of Surf Subsea, Inc. or any other person or entity purporting to act on behalf of Surf Subsea, Inc.

9.    The term "nationality" shall include national citizenship as interpreted by the statutes and regulations applied by the United States Coast Guard and the courts of the United States to determine compliance with citizenship requirements.  This includes, but is not limited to, citizenship under 46 U.S.C. § 55102(b).  If citizenship is ambiguous or uncertain, please list **all** nationalities to which the individual or entity at issue claims or may claim citizenship.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Please state the name, address, employer, and phone number of each and every person providing information for responding to these interrogatories, and/or drafting answers to these interrogatories.

**INTERROGATORY NO. 2:**

Please list the names and addresses of all persons you or your attorney will or may call as a witness at trial or any hearing in this matter and describe the subject matter of their expected testimony.

**INTERROGATORY NO. 3:**

Please list the name, address and nationality of every person who owns stock in Surf Subsea, Inc. including the percentage of the total shares owned by each such person.

**INTERROGATORY NO. 4:**

Please list the name, address and nationality of every person who owns an interest in Surf Subsea, Pte, Ltd. including the percentage of the total shares owned by each such person.

**INTERROGATORY NO. 5:**

Please identify the initial capital contribution of each shareholder in Surf Subsea, Inc.

**INTERROGATORY NO. 6:**

Please identify the source of funding of the $55 million dollar purchase of M/V Surf Challenger.

**INTERROGATORY NO. 7:**

Please list the name and address of each director on the board of directors for Surf Subsea, Inc., including all positions and titles held by each such person and the percentage of voting power exercised by each.

**INTERROGATORY NO. 8:**

Please list the name and address of each director on the board of directors for Surf Subsea Pte. Ltd., including all positions and titles held by each such person and the percentage of voting power exercised by each.

**INTERROGATORY NO. 9:**

Please state the number of directors necessary to constitute a quorum of the board of directors of Surf Subsea, Inc.

**INTERROGATORY NO. 10:**

Please state the name, address and nationality of any other persons who exercise, directly or indirectly, voting power in Surf Subsea, Inc.

**INTERROGATORY NO. 11:**

Please state the name, address and nationality of any other persons who exercise, directly or indirectly, voting power in Surf Subsea Pte. Ltd.

**INTERROGATORY NO. 12:**

If not provided in response to a prior request, please state all past and present positions held by Craig Pickett in Surf Subsea, Inc.

**INTERROGATORY NO. 13:**

Please state all past and present positions held by Craig Pickett in Otto Marine and/or any related entities, affiliates, parents or subsidiaries.

**INTERROGATORY NO. 14:**

Please identify any and all contracts, other documents, or understandings by which more than 25 percent of the voting power or interest in Surf Subsea, Inc. may be exercised, directly or indirectly, in behalf of a person not a citizen of the United States.

2012 02 23 svi 1st Discovery Requests 2033 EPE Edits

## DOCUMENTS TO BE PRODUCED

**REQUEST FOR PRODUCTION NO. 1:**

Please produce the articles of incorporation, by-laws and/or any stock holder agreements of Surf Subsea, Inc.

**REQUEST FOR PRODUCTION NO. 2:**

Please produce all documents relating to the corporate structure and exercise of voting power of Surf Subsea, Inc.

**REQUEST FOR PRODUCTION NO. 3:**

Please produce any and all contracts, agreements, letters, or other documents between Surf Subsea, Inc. and Francis Wade Abadie, Jr.

**REQUEST FOR PRODUCTION NO. 4:**

Please produce any and all contracts, agreements, letters, or other documents between Surf Subsea, Inc. and Craig Pickett.

**REQUEST FOR PRODUCTION NO. 5:**

Please produce all contracts, agreements, leases, or other documents between Surf Subsea, Inc. and Otto Marine.

**REQUEST FOR PRODUCTION NO. 6:**

Please produce all contracts, agreements, leases, or other documents between Surf Subsea, Inc. and Surf Subsea Pte., Ltd.

**REQUEST FOR PRODUCTION NO. 7:**

Please produce all documents relating to any all contracts, agreements, or understandings by which more than 25 percent of the voting power or interest in Surf Subsea, Inc. may be exercised, directly or indirectly, on behalf of a person or entity that is not a citizen of the United States.

**REQUEST FOR PRODUCTION NO. 8:**

Please produce all documents relating to any contracts, agreements or understandings regarding the total or partial ownership or control of the M/V Surf Challenger by Otto Marine or any person or entity not a citizen of the United States.

2012 02 23 avt 1st Discovery Requests 1038 EPE Edits

**REQUEST FOR PRODUCTION NO. 9:**

Please produce all communications between Surf Subsea, Inc. and Lee Kok Wah relating to the M/V Surf Challenger.

**REQUEST FOR PRODUCTION NO. 10:**

Please produce all communications between Surf Subsea, Inc. and Yaw Chee Siew relating to the M/V Surf Challenger.

**REQUEST FOR PRODUCTION NO. 11:**

Please produce all communications to or from Surf Subsea, Inc., or any broker or other person on its behalf, relating to the sale or potential sale of the M/V Surf Challenger, including but not limited to any communications to or from Clarksons, Clarkson, PLC, and/or Piers Middleton.

**REQUEST FOR PRODUCTION NO. 12:**

Please produce any and all documents related to any application(s) for a Certificate of Documentation for the M/V Surf Challenger.

**REQUEST FOR PRODUCTION NO. 13:**

Please produce all exhibits, photographs, and/or other evidence, including demonstrative evidence and impeachment evidence, which you or your attorney(s) or expert(s) intend to introduce or utilize any trial, hearing or deposition in this case.

**REQUEST FOR PRODUCTION NO. 14:**

Please produce all documents reflecting, evidencing or relating to any statements, written, recorded, or otherwise, from anyone interviewed or questioned in connection with the litigation.

**REQUEST FOR PRODUCTION NO. 15:**

Please produce all documents that in any way relate to the subject matter of this litigation or any defense or claim that you have or may assert in this litigation.

**REQUEST FOR PRODUCTION NO. 16:**

Please produce any and all documents, including but not limited to, communications, correspondence, e-mails, faxes, notes, memoranda or letters, agreements or contracts, relating to the joint venture between Surf Subsea Inc. and Otto Marine.

**REQUEST FOR PRODUCTION NO. 17:**

Please produce a copy of Surf Subsea Inc.'s entire file relating to the acquisition of the M/V Surf Challenger.

**REQUEST FOR PRODUCTION NO. 18:**

Please produce any and all documents, including but not limited to internal or external communications, minutes, correspondence, e-mails, letters, notes, or other memoranda, relating to the terms and conditions of the proposed sale of the M/V Surf Challenger in August 2011.

**REQUEST FOR PRODUCTION NO. 19:**

Please produce all documents provided to any expert which relate to the subject matter of any of the allegations or defenses raised in this action.

**REQUEST FOR PRODUCTION NO. 20:**

Please produce copies of any and all documents, including but not limited to internal or external communications, minutes, correspondence, e-mails, letters, notes, or other memoranda, between Surf Subsea Inc. and any representative of Otto Marine.

**REQUEST FOR PRODUCTION NO. 21:**

Please produce all documents relating to work performed or to be performed by the M/V Surf Challenger in the Gulf of Mexico.

**REQUEST FOR PRODUCTION NO. 22:**

Please produce all documents reviewed by or relied upon by any experts, with whom you have consulted or retained, in the formation of his or her opinions or preparation of any expert reports as to any issues in this case.

**REQUEST FOR PRODUCTION NO. 23:**

      Please produce all documents, memoranda, or reports of experts with whom you

have consulted or retained in connection with any issues in this case, including expert reports.

                            _____

Kyle Schonekas, 11817
Joelle F. Evans, 23730
Andrea V. Timpa, 29455
SCHONEKAS, EVANS, McGOEY &
McEACHIN, L.L.C.
909 Poydras Street, Suite 1600
New Orleans, Louisiana 70112
Telephone: (504) 680-6050

and

Jerald P. Block, 3151
BLOCK LAW FIRM
422 East First Street
Thibodaux, Louisiana 70302
Telephone: (985) 446-0418

Attorneys for Offshore Service Vessels, L.L.C.,
Holiday, L.L.C., Nautical Solutions, L.L.C., Harvey
Gulf International Marine, L.L.C., Hornbeck
Offshore Services, LLC, , and SEACOR Marine
L.L.C.

FILED

APR 1 3 2012

Rebecca L. Trosclair
CLERK OF COURT

A TRUE COPY
Clerk of Court's Office
Thibodaux, La. Apr. 16, 2012

Clerk Of Court

10





7010 1870 0001 6711 6433

**BLOCK LAW FIRM**
POST OFFICE BOX 108
THIBODAUX, LOUISIANA 70302-0108

Surf Subsea, Inc.
Through its agent for service of process:
Corporation Service Company
2711 Centerville Road, Suite 400
Wilmington, DE 19808